CASE 57—PETITION ORDINARY—SEPTEMBER 19.

# Walker & Green vs. Browne, gd'n, &c.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

The guardian having permitted his ward to reside with the ward's mother, this permission implied an authority in the mother to employ for, and at the cost of, the ward, medical aid when needed; and the law implies a promise by the guardian to pay the value of such medical services actually rendered.

L. R. THURMAN and
W. O. CUNNINGHAM,　　　　　　　　　　　For Appellant,

CITED—

13 *B. Mon.*, 404 ; *Hord vs. Chandler.*
*MSS. Opn., Dec.*, 1853 ; *Coil vs. Howard.*

R. J. Browne,　　　　　　　　　　　For Appellee,

CITED—

3 *Metcalfe*, 509; *Anderson vs. Watson.*

*Civil Code*, sec. 161, *and Myers' notes to this section.*

4 *Metcalfe*, 130; *Taylor vs. Moran.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellants brought this action against the appellee, statutory guardian of Stephen B. Thompson, for medical services by them as partners in the practice of medicine rendered for the relief of Stephen, from the year 1858 to 1863, at the request of his widowed mother, who, with his guardian's consent, kept and nurtured him, as a very sickly child, during that period, when he was from five to ten years old. The mother died in 1865, and the medical bill against her as employer was presented to her administrator, who refused to pay it, because he considered it the guardian's duty to pay out of the ward's means, charged and admitted to be ample. The guardian afterwards refused to pay, because he seemed to consider it the mother's duty to pay. His answer seeming to concede that it might have been his duty to employ and pay for medical aid if he had known its necessity, denies that he ever employed the appellants, or promised to pay *them;* and, on that ground, denies his liability to the action. On the vague issue thus made by the pleadings, the jury was instructed, that, unless the appellee employed or promised to pay the appellants, they must find for him, which they accordingly did.

It seems to us that this instruction was wrong, and that, consequently, the verdict and judgment on it were erroneous; the proof being ample that the services were often necessary for about five years, and were actually rendered by the appellants.

The 7th *section of article* 2, *chapter* 43, *Revised Statutes, page* 578, provides, that " a guardian shall have the custody of his ward, and the possession, care, and management of the ward's estate, real and personal; and out of the estate shall provide for the necessary and proper maintenance and education of the ward."

The 8th *section, ibid,* authorizing a widowed mother, if allowed by order of court, " to have the custody, nurture, and education of the ward," cannot be reasonably construed as intending to devolve on her the expense of the education, maintenance, or medical treatment of the ward, whose own estate is sufficient for those purposes.

But, in this case, it does not appear that any order of court confided tutelage or curation to the mother; and the only consistent presumption is, that the guardian, to relieve himself, permitted maternal affection to assume the nurture of her weakly child. This permission, apparently useful to both guardian and ward, implied an authority in the mother to employ for, and at the cost of, the ward, medical aid when needed; and if the guardian preferred any other physician, it was his privilege and duty to employ him; for his fiducial relations and obligations estop him to deny that he knew the necessity of medical aid, and that the appellants were employed to render it.

The law, therefore, implied a promise by the appellee to pay the value of the services actually rendered by the appellants.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.

JUDGE HARDIN did not sit in this case.